**Richard P. WOODS, Petitioner,**

v.

**DEPARTMENT OF the ARMY, ARMY CORPS OF ENGINEERS, Respondent.**

**No. 81–2188.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1982.

Decided Nov. 22, 1982.

H. Joel Weintraub, Norfolk, Va. (Decker, Christie & Hitchings, Norfolk, Va., on brief), for petitioner.

Michael H. Payne, U.S. Army Corps of Engineers, New York City (Elsie L. Mun-

sell, U.S. Atty., Alexandria, Va., James A. Metcalfe, Asst. U.S. Atty., Robert L. Oswald, U.S. Army Corps of Engineers, Norfolk, Va., on brief), for respondent.

Before MURNAGHAN and CHAPMAN, Circuit Judges, and BRYAN, Senior Circuit Judge.

PER CURIAM:

The United States Department of the Army, Corps of Engineers (Respondent), employed Richard P. Woods (Petitioner) as a Purchasing Agent in September 1974 and, additionally, appointed him Imprest Fund Cashier the following November. In January 1981, the Army transferred his Imprest Fund responsibilities to another employee, and in June of that year Woods was removed from Federal service altogether for unsatisfactory performance as cashier. Following an unsuccessful appeal to the Merit Systems Protection Board, 5 U.S.C. §§ 1201 & 7701(a), he now prays this Court to vacate his removal. 5 U.S.C. § 7703(b) & (c).

The Armed Services Procurement Regulations required the Petitioner as cashier to manage the processing of invoices through the Imprest Fund. However, review of his work by the Army Audit Agency disclosed that from October 1977 to August 1980 more than 300 improper documents had been passed through the Fund while it was under Petitioner's control. In that process an amount estimated as at least $138,000 had been diverted.

■ Petitioner does not deny his unsatisfactory performance, nor challenge the evidence adduced to reveal that he processed altered, duplicate and fraudulent documents. His principal defense is that the Corps of Engineers disregarded regulations dealing with procurement policy and position classification standards and thereby necessitated his performance of job duties for which he was ineligible. According to Peti-

tioner, these violations require a finding by this Court that his removal was accomplished in contravention of procedures required by law, rule or regulation. Yet these contraventions, if admitted, did not to any degree justify his default or deviations in duty. Also pertinent is the anomaly that he did not protest the combination of duties at any time during the six years he served in both capacities.

■ Another point similarly meritless which he presses is that his release was unduly harsh as well as discriminatory when contrasted with the reprimands addressed to other employees for like incompetence. The explanation is that he had fiduciary and personal responsibilities while they had none. The choice of remedy was not so arbitrary, capricious or disproportionate as to demand redress by this Court. See Clark v. United States, 162 Ct.Cl. 477, 484 (1953).

We have reviewed the record of the Merit Systems Protection Board and cannot characterize its "actions, findings or conclusions" as "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence ...." 5 U.S.C. § 7703.

The decision and opinion of the Board dated October 23, 1981, is now

*Affirmed.*